[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105
The plaintiff, Barco Auto Leasing Corporation (Barco) brings this action against the defendants, Clifford Labbe and Susan Labbe (hereinafter "the Labbes"), seeking damages resulting from the Labbes' default on car payments. The Labbes, in turn, have impleaded third-party defendants, Falvey's, Inc., and Leo Labbe (hereinafter "Falvey's). Leo Labbe is the general manager of Falvey's and is also the uncle of the third-party plaintiff, Clifford Labbe.
In the third-party complaint, the Labbes allege that after Susan Labbe defaulted on the lease payments,[1] Clifford Labbe was assured by Leo Labbe that Falvey's would take back the car and that the Labbes would not be responsible for any further payments. Based on these assurances, the Labbes allegedly passed up a chance to have Clifford Labbe's stepfather assume the car payments and, instead, returned the car Falvey's.
In the first count of the third-party complaint, the Labbes allege that the actions of Falvey's exposed then to liability. In the second count, the Labbes allege that the actions of Falvey's violate the Connecticut Unfair Trade Practice Act (CUTPA). Falvey's has now moved to strike both counts of the third-party complaint on the ground that the third-party complaint is not within the requirements of Practice Book § 10-11. The Labbes object and argue that they have properly impleaded Falvey's as a third-party defendant.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . If facts provable in the complaint would support a cause of action, the motion to strike CT Page 12981 must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997).
I. First Count
Falvey's argues that since the first count of the third-party complaint is neither an action for indemnification nor one for contribution, it is improper and should be stricken. Specifically, Falvey's argues that the third-party complaint does not allege the elements necessary to state a cause of action for indemnification or contribution.
"[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. PetrolPlus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990). "If a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought." Id. "Such proof requires a plaintiff to establish four separate elements: 1) that the other tortfeasor was negligent; 2) that his negligence, rather than the plaintiff's was the direct, immediate cause of the accident and injuries; 3) that he was in control of the situation to the exclusion of the plaintiff; and 4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Id.
A review of the allegations of the third-party complaint, however, shows that the third-party plaintiffs' indemnification claim is not based on active or passive negligence. Rather, the Labbes have alleged an indemnification claim based on a breach of contract claim that does not require the third-party plaintiffs to allege the elements necessary for an indemnification based on active or primary negligence.
Insofar as the third-party plaintiffs have alleged a special relationship with Falvey's (via Leo Labbe), the Labbes have alleged the basic elements of a fiduciary relationship. SeeDunham v. Dunham, 204, Conn. 303, 322, 528 A.2d 1123 (1987) ("[a] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of CT Page 12982 whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other"). Based on this alleged fiduciary relationship, the Labbes have further alleged that they relied, to their detriment, on Falvey's promises and assurances that the Labbes would not be responsible for any further payments to Barco. Thus, the Labbes have alleged the elements of promissory estoppel. See Wellington Systems Inc. v.Redding Group, Inc., 49 Conn. App. 152, 162, 714 A.2d 21 (1998) ("[u]nder our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . .")
The court, accordingly, finds that the third-party plaintiffs have alleged an appropriate claim for indemnification. The third-party defendants' motion to strike the first count of the third-party complaint, therefore, is denied.
II. Second Count
The second count of the third-party plaintiffs' complaint alleges that the actions of the third-party defendant constitute a violation of CUTPA. Falvey's moves to strike the second count on the ground that the CUTPA claim is not a proper third party claim.
Falvey's appears to argue that a CUTPA claim is improperly raised on impleader. Research, however, reveals both appellate and superior court cases addressing the merits of CUTPA claims brought in third-party complaints. See Connecticut Bank TrustCo., N.A. v. Reichert, 33 Conn. App. 702, 713, 638 A.2d 44
(1994); Chrysler Financial v. Bogan, Superior Court, judicial district of New London at New London, Docket No. 543105 (April 15, 1998, Martin, J.); Transamerica Ins. Co. v. Nesame Sons,Inc., Superior Court, judicial district of Danbury, Docket No. 318224 (May 8, 1995, Stodolink, J.); Gonzalez v. Lewis Services,Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 245151 (March 31, 1995, Silbert, J.). Without addressing the merits of the CUTPA claim, the court finds that the third-party plaintiffs' CUTPA claim is appropriate and, therefore, the third-party defendant's motion to strike the second count is denied. CT Page 12983
III. Conclusion
The third-party defendant's motion to strike the third-party complaint is, therefore, denied.
D. Michael Hurley, Judge Trial Referee